**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NELSON ROLANDO SOLORZANO, | No. 13-70997 |
| Petitioner, | Agency No. A070-924-198 |
| v. E | |
| | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2015[**]

Before:     FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Nelson Rolando Solorzano, a native and citizen of Honduras, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") order denying his motion to reopen

deportation proceedings conducted in absentia.   Our jurisdiction is governed by 8

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252.  We review for abuse of discretion the denial of a motion to reopen and review de novo constitutional claims.  *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005).  We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Solorzano's motion to reopen based on lack of notice of his deportation hearing, where the record establishes that the IJ personally provided him oral and written notice of the time and place of the hearing at which he was later ordered deported in absentia.  *See* 8 C.F.R. § 1003.23(b)(4)(iii)(A)(2) (a motion to reopen to rescind an in absentia order may be filed at any time if the alien demonstrates lack of notice of his hearing); 8 U.S.C. § 1252b(a)(2) (1994) (requiring written notice of the time and place of proceedings be personally served on the alien or if personal service is not practicable, requiring written notice be given by certified mail).

It follows that Solorzano's due process claim fails.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

To the extent Solorzano contends that his failure to appear was due to exceptional circumstances, we lack jurisdiction to consider this contention, as it was not exhausted before the agency.  *See Tijani v. Holder*, 628 F.3d 1071, 1080

13-70997

(9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

We lack jurisdiction to consider Solorzano's contention that the agency erred in declining to invoke its sua sponte authority to reopen proceedings. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011) (this court lacks jurisdiction to review the agency's sua sponte determinations).

In light of this disposition, we do not reach Solorzano's remaining contentions.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

13-70997